# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FIFTH THIRD BANK, )
)
            Plaintiff, )
)
v. ) No. 09-2440-CM
)
CANYON CREST INSURANCE )
SERVICES, INC., et al., )
)
            Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff Fifth Third Bank filed this action against seventeen defendants, seeking declaratory judgment and judgment in satisfaction of various loans upon which defendants have allegedly defaulted. Defendants filed a Joint Motion to Dismiss (Doc. 8), asserting that the case was "completely subsumed within an ongoing case" pending before this court. Defendants have since filed a Motion to Stay (Doc. 13), seeking to stay the action pending resolution of that case. For the reasons that follow, the court denies both motions.

## I.    Factual and Procedural Background

Defendants are individuals and businesses who purchased insurance agencies from—and financed them through—subsidiaries of the Brooke Corporation, which is comprised of a group of related companies that operated an insurance agency franchise business. A detailed factual and procedural history appears in this court's August 12, 2009 Memorandum and Order and October 1, 2009 Memorandum and Order in *Aldridge v. Aleritas Capital Corporation*, No. 09-02178-CM ("*Aldridge*"). Although it need not be repeated here, that background concerns how the instant defendants entered into various Agreements for Advancement of Loan with Aleritas related to the

purchase of their agencies, and now claim, in *Aldridge*, that these loans were fraudulent and must be invalidated. By way of assignment or otherwise, a number of these loans are now held by plaintiff. Plaintiff in this case was named as a defendant in *Aldridge*, but has been dismissed from that case. It has filed this action alleging that the defendants are in default, and seeking to accelerate and collect on the loans.

## II.     Discussion

As part of the inherent power to control its docket, this court has the power to stay proceedings pending before it. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Barton Solvents, Inc. v. Sw. Petro-Chem, Inc.*, 836 F. Supp. 757, 763 (D. Kan. 1993). The power will be used within the discretion of the court to provide economy of time and effort for itself, and for counsel and litigants appearing before the court. *Landis*, 299 U.S. at 254; *Barton Solvents*, 836 F. Supp. at 763.

It is not necessary that the parties be the same or the issues identical. *Landis*, 299 U.S. at 254; *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983). However, the party seeking the stay must make out a clear case of hardship or inequity in being required to go forward, because this court is not inclined to require a litigant in one case "to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 254–55.

Here, defendants suggest that not staying this case would cause "unfair prejudice, jurisdictional confusion and a waste of court and private resources." (Doc. 12, at 1.) Specifically, defendants rely on this court's October 1, 2009 Memorandum and Order in *Aldridge* as authorizing a stay. (Doc. 14.) Plaintiff, on the other hand, argues that the cases involve distinct legal issues, and

that defendants fail to establish that prejudice or undue hardship would result from going forward with the case. (Doc. 16.)

In *Aldridge*, the plaintiffs' second amended complaint disputes the validity of the loan and contains a prayer for relief seeking "a declaration that the loans and any interest on the loans are cancelled, including the Agreement for Advancement of Loan." (Doc. 83, at 147.) In its October 1, 2009 Order in *Aldridge*, the court noted that the remaining claims in *Aldridge* were claims against Aleritas of fraud and civil RICO violations. These claims related to certain loan agreements that the individual plaintiffs there (defendants here) entered into with Aleritas, which is not a party to this action. The court noted that:

> Should plaintiffs prevail on these claims, plaintiffs will be entitled to *money damages* against defendant Aleritas. An invalidation of the loans, which is what plaintiffs appear to seek, is not the appropriate remedy in this situation. Whether or not Aleritas commited fraud or violated RICO is the issue in this case. Resolution of the instant case centers on the transactions between Aleritas and plaintiffs.
> Plaintiffs are correct that it is the banks' burden to establish that they are holders in due course. But not in this action. In an enforcement action by the bank against them, plaintiffs may assert any affirmative defenses to which they are entitled, including the affirmative defense that the loans were induced by fraud and the banks are not holders in due course. To the extent the resolution of such an action depends on a finding of fraud in this case, those actions might be stayed. But the issues and evidence in those cases would be different than the issues and evidence in this case, centering on the transactions between Aleritas and [the banks], rather than between Aleritas and plaintiffs.

The court has yet to see any overlap that would constitute a waste of judicial resources, or risk inconsistent judgments. Defendants have failed to make out a clear case of hardship or inequity in being required to go forward in defending the action at this point.

Although the matters arise from the same pattern of facts, and concern the same loans, they involve different parties and different questions of law. There are different interests at stake, and the claims are different. This court need not deny plaintiff the right to proceed in a separate suit against

-3-

another party merely because it arises from the same general pattern of facts as another suit. Moreover, this court is not convinced that resolution of the *Aldridge* suit is necessary for this enforcement action to proceed. The court is aware that the fraud alleged in *Aldridge* may be implicated in defendants' potential affirmative defense in this enforcement case. However, in this action, plaintiff bears the burden of establishing defendants' liability as to each of its claims, and that it is entitled to the relief it seeks. Whether or not plaintiff accomplishes that does not depend on the resolution of defendants' fraud and civil RICO claims against the originator of those loans. It does not appear at this time that the claims in this case will necessarily risk danger of inconsistent judgments or wasted resources.

The court concludes that defendants have not made out a clear case of hardship or inequity in being required to defend this case without the benefit of a resolution in the *Aldridge* proceeding. Therefore, the court declines to stay the proceedings currently before it in favor of a final resolution of the *Aldridge* case. If at some time in the future it appears that proceeding with this litigation would severely disadvantage defendants, the court may take up the issue again upon motion. In light of this ruling, and for the reasons set out above, the court also denies defendants' Joint Motion to Dismiss Plaintiff's Complaint (Doc. 8), which is based solely on the argument that this case is "subsumed" by the *Aldridge* case.

**IT IS THEREFORE ORDERED** that defendants' Joint Motion to Dismiss (Doc. 8) is denied.

**IT IS FURTHER ORDERED** that defendants' Motion to Stay (Doc. 13) is denied.

Dated this  9th  day of February 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**