IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIFTH THIRD BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-2440-CM |
| ) | |
| CANYON CREST INSURANCE ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Fifth Third Bank files this action against a number of defendants seeking declaratory judgment and judgment in satisfaction of various loans upon which defendants have allegedly defaulted. Upon plaintiff's application, the Clerk of the Court entered default against defendant Garcia Insurance Group, Inc. ("Garcia") for failure to file an answer or otherwise respond to plaintiff's complaint. The case is now before the court on Garcia's Motion to Set Aside Entry of Default and for Leave to File Original Answer and Counterclaim (Doc. 74). For the reasons that follow, the court grants the motion.

**I.  Factual and Procedural Background**

Defendants are individuals and businesses who purchased insurance agencies from—and financed them through—subsidiaries of the Brooke Corporation, which is comprised of a group of related companies that operated an insurance agency franchise business. A detailed factual and procedural history appears in this court's August 12, 2009 Memorandum and Order and October 1, 2009 Memorandum and Order in *Aldridge v. Aleritas Capital Corporation*, No. 09-02178-CM ("*Aldridge*"). Although it need not be repeated here, that background concerns how the instant

defendants entered into various Agreements for Advancement of Loan with Aleritas related to the purchase of their agencies, and now claim, in *Aldridge*, that these loans were fraudulent and must be invalidated. By way of assignment or otherwise, a number of these loans are now held by plaintiff. Plaintiff in this case was named as a defendant in *Aldridge*, but has been dismissed from that case. It filed this action alleging that defendants are in default, and seeking to accelerate and collect on the loans.

Plaintiff filed its complaint on August 21, 2009. (Doc. 1.) After the court denied defendants' joint motions to dismiss and/or stay the case, Garcia sought and received an extension of time—through March 19, 2010—within which to answer or otherwise plead. (Doc. 20). Upon plaintiff's application, the Clerk of the Court entered default against Garcia on August 11, 2010, for failure to answer or respond to the complaint. Garcia immediately filed the instant motion.

## II. Standards

Federal Rule of Civil Procedure 55(c) provides: "For good cause shown the court may set aside an entry of default." Courts have generally applied three criteria to a determination of "good cause" for setting aside an entry of default: (1) whether the default was the result of culpable conduct of the defendant (*i.e.* willful); (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. *See Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1105–06 (D. Kan. 1993). In weighing these criteria, due consideration should be given to the policy that defaults are disfavored and the law encourages decisions on the merits. *See Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605 (S. D. Fla. 1992); *Heber v. United States*, 145 F.R.D. 576, 577 (D. Utah 1992).

## III. Discussion

There is no evidence in this case that Garcia's failure to timely file an answer or otherwise respond was willful. Immediately upon discovering a default had been entered against it, Garcia filed the present motion. The court notes that three attorneys were just recently permitted to appear *pro hac vice* on behalf of Garcia and another defendant. (Doc. 66.)

Furthermore, the court finds that plaintiff will not be prejudiced by setting aside the default entered in this case. Garcia's action in seeking to set aside default was immediate; although the action was filed nearly a year ago, it is still in the early stages of litigation. Indeed, as Garcia notes, the scheduling conference was held in June, 2010, and plaintiff's initial Rule 26 disclosures were only recently served. Additionally, Garcia represents that the defenses and counterclaims it seeks to raise "mirror or substantially overlap" with the defenses and counterclaims already presented by other defendants in this case, further alleviating the risk of unfair prejudice to plaintiff.

Finally, the court believes that defendant should be able to raise its defenses and counterclaims where, as here, there is a history of litigation and Garcia has plausibly suggested the existence of facts that may constitute a cognizable defense. *See Blue Moon Licensing, Inc. v. Gregorek*, No. 95-2006-JWL, 1995 WL 335416, at *2 (D. Kan. May 9, 1995) (citing *Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989).

**IT IS THEREFORE ORDERED** that Defendant Garcia Insurance Group, Inc.'s Motion to Set Aside Entry of Default and for Leave to File an Original Answer and Counterclaim (Doc. 74) is granted. Defendant Garcia shall have fourteen days from the date of this order within which to file its answer to plaintiff's complaint.

Dated this 19th day of August, 2010 at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**