## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 09-2440-CM |
| | ) |
| CANYON CREST INSURANCE | ) |
| SERVICES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's Motion for Leave to File and Serve an Amended Complaint, ECF No. 144. For the reasons stated below, the Court recommends Plaintiff's motion be denied.[1]

**I.    Background**

Plaintiff Fifth Third Bank ("Plaintiff" or "Fifth Third") initiated this lawsuit on August 21, 2009. In its Complaint, Plaintiff alleges it is the owner and holder of various loans, now in default, that were originally made by Aleritas Capital Corporation ("Aleritas") or Brooke Capital Corporation ("Brooke"). One of the loans Fifth Third seeks to enforce is Franchise Loan 5738 ("Loan 5738"), dated November 15, 2006, made to Defendant WLM Management, Inc. ("WLM"). Loan 5738 was allegedly transferred to Brooke Warehouse Funding and then to the Brooke Master Trust, where it was bundled as part of a security interest being sold to Fifth Third.

---

[1] When a magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in a case, several courts have found such a ruling to be dispositive for which review may be sought pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *1 (D. Kan. June 30, 2008).

WLM apparently entered into a second loan transaction ("Loan 5788") with Aleritas or Brooke on November 16, 2006.  Loan 5788 is not owned by Fifth Third, but rather by a group of five "Participating Banks"[2] whose rights are defined in various Participation Certificates and Agreements. Thus, it appears that Loan 5788 was not part of the same securitization as Loan 5738.  Loan 5788 is also allegedly now in default.  The Participant Banks and WLM had been attempting to resolve the issue without litigation.  After settlement discussions were unsuccessful, the Participant Banks authorized Fifth Third to enforce, through this lawsuit, the Participant Banks' rights under Loan 5788.[3]  The authorization is null and void if Fifth Third is unable to amend the Complaint to add claims regarding Loan 5788.[4]

Three weeks after receiving the authorization, Fifth Third filed the present motion to amend, seeking to add claims on behalf of the Participant Banks.  WLM opposes the motion as untimely and prejudicial.

**II.     Analysis**

    A.     <u>Standard for Amending Pleadings</u>

Fed. R. Civ. P. 15 governs the procedure for amending pleadings.  A party may amend a pleading once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or a Rule 12 motion.[5]  In all other cases, a party may amend only

---

[2] Participation Certificate & Agreement, ECF Nos. 151-1–151-6.

[3] Assignment of Administration Duties (dated September 12, 2011), ECF No. 151-7.

[4] *Id.*

[5] Fed. R. Civ. P. 15(a).

by leave of the court, and such leave shall be freely given when justice so requires.[6] The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[7] Refusing leave to amend is generally justified only upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of the amendment.[8]

When the deadline for amending pleadings has passed – as the case here – Federal Rule of Civil Procedure 16(b)(4) is also potentially implicated.[9] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[10] The Tenth Circuit has not yet decided whether a party seeking to amend its pleadings must show "good cause" under Rule 16(b)(4) in addition to satisfying Rule 15(a).[11] Regardless, this District has consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend that

---

[6] *Id.*

[7] *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1993)).

[8] *Id.*

[9] November 19, 2010 was the deadline to file any motion for leave to join additional parties or otherwise amend the pleadings. Scheduling Order, ECF No. 61.

[10] In addition, the Scheduling Order in this case states it "shall not be modified except by leave of court upon a showing of good cause." *Id.*

[11] *Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). *Bylin*, 568 F.3d at 1231 n. 9. The Tenth Circuit has applied Rule 16(b)'s good cause requirement in the context of counterclaims asserted after the scheduling order deadline. *Minter*, 451 F.3d at 1205 n.4 (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990)). The Tenth Circuit has also observed that most other circuits have held that Rule 16's good cause standard applies when a party seeks leave to amend after the deadline established in the scheduling order. *Bylin*, 568 F.3d at 1231 n. 9.

is filed after the scheduling order deadline.[12] Under this approach, the Court must first determine whether Plaintiff has shown good cause within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[13] If the Court determines that Plaintiff has established good cause, then the Court will proceed to determine if the Rule 15(a) standard for amendment has been satisfied.[14]

### B.   "Good Cause" Under Fed. R. Civ. P. 16(b)

The good cause standard under Rule 16(b)(4) primarily considers the diligence of the party seeking the amendment.[15] To establish good cause, the moving party must show that despite due diligence it could not have reasonably met the amendment deadline.[16] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[17] Furthermore, the lack of prejudice to the nonmovant does not show "good cause."[18] A district court's determination as to whether a party has established good cause is within the district court's discretion and will be

---

[12] *See Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010) (and cases cited therein); *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, Nos. 08-2027-JWL, 2009 WL 1635894, at *3 (D. Kan. June 11, 2009) (and cases cited therein). This does not appear to affect the outcome of this motion because the good cause standard of Rule 16(b) is roughly similar to the undue delay analysis under Rule 15. *See Minter*, 451 F.3d at 1205 n.4; *see also Bylin*, 568 F.3d at 1231–32 (noting that it appears unlikely that applying Rule 16's good cause standard would lead to a different outcome than Rule 15's undue delay analysis).

[13] *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[14] *Id.*

[15] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[16] *Id.*; *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[17] *Deghand*, 904 F. Supp. at 1221 (internal citations omitted).

[18] *Id.*

reviewed only for an abuse of discretion.[19]

Fifth Third filed this motion on October 14, 2011, approximately eleven months after the deadline set forth in the Court's Scheduling Order. Fifth Third argues it could not have filed the motion by the Scheduling Order deadline because it was only recently authorized to enforce the Participant Banks' rights in Loan 5788.

As discussed above, the Court typically focuses on whether the moving party could have met the Scheduling Order deadline through due diligence. This is an unusual motion to amend, however, because Fifth Third is seeking leave to enforce the rights of the Participant Banks. [20] The Court has not found, nor have the parties cited, any authority dealing with a similar factual situation in the context of an untimely motion to amend. Under the facts of this case, the Court believes the proper inquiry is whether the Participant Banks could have met the Scheduling Order deadline because the proposed amendment primarily seeks to enforce their rights in Loan 5788.

The Participant Banks appeared to have attempted to settle their claims with WLM rather than pursue litigation. As Fifth Third points out in its motion, it was authorized to enforce the Participant Banks' rights in Loan 5788 only after their settlement discussions with WLM were unsuccessful. There is no showing that the Participant Banks were prevented or otherwise unable to authorize Fifth Third to enforce their rights before the amendment deadline. Unlike *Sithon Maritime Co. v. Holiday Mansion* cited by Fifth Third, the Participant Banks appeared to know the

---

[19] *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[20] WLM used the same collateral to secure both Loan 5738 and Loan 5788. Intercreditor Agreement, ECF No. 151-1. Fifth Third and the Participant Banks apparently share a security interest in the collateral used to secure both loans. Fifth Third seeks to amend the Complaint to reflect it is seeking to enforce a security interest in the collateral pledged under both loans.

facts underlying their claim before the deadline to amend expired.[21] The failure to meet the amendment deadline appears to have been entirely within the Participant Banks' control and the result of a strategic decision to focus on settlement.

Even assuming the Court should consider only the actions of Fifth Third, not the Participant Banks, in determining whether the amendment deadline could have been met, the Court would still not find good cause. Although the Participant Banks only recently authorized Fifth Third to enforce their rights, there is no showing that Fifth Third ever sought authorization or discussed the issue with the Participant Banks before the amendment deadline. The Court cannot find good cause without knowing more about when the discussions surrounding the authorization by the Participant Banks first occurred. Consequently, the Court does not believe Fifth Third and/or the Participant Banks have shown good cause for failing to file the instant motion before the amendment deadline.

    C.    <u>Fed. R. Civ. P. 15</u>

        1.    Undue Delay

Because Fifth Third and/or the Participant Banks have not demonstrated good cause under Rule 16(b)(4), the Court does not need to consider whether they have satisfied the standard for amendment under Rule 15(a). Nevertheless, the Court will apply the Rule 15(a) analysis.

Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action, and delay alone is an insufficient ground to deny leave to amend.[22] The issue presented

---

[21] *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 508 (D. Kan. 1998) (granting leave to amend after deadline because plaintiff did not have knowledge of the factual basis for its new fraud claims until after the deadline set forth in the Scheduling Order and there was no evidence plaintiff could have reasonably discovered the facts sooner).

[22] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975) ("'Lateness does not of itself justify the denial of the amendment.'")).

under Rule 15(a) is whether Fifth Third's delay in seeking amendment was "undue."[23] A party that "'delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.'"[24]

In analyzing whether a motion to amend is untimely, the Tenth Circuit "focuses primarily on the reasons for the delay."[25] Courts may deny leave to amend based upon untimeliness without a showing of prejudice to the opposing party.[26] Denial is appropriate when the party filing the motion has no adequate explanation for the delay.[27] For substantially the same reasons the Court concludes Fifth Third and/or the Participant Banks have not shown good cause, the Court also concludes that Fifth Third and/or the Participant Banks unduly delayed in filing the motion.[28]

2. Prejudice

The second, and arguably most important, factor in deciding a motion for leave to amend a pleading is whether the amendment would prejudice the nonmoving party.[29] Although any amendment invariably causes some "practical prejudice," the central focus is whether the

---

[23] *Id.*

[24] *Id.* (quoting 6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1488 (2d ed. 1990)).

[25] *Id.* at 1206.

[26] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

[27] *See Minter*, 451 F.3d at 1206.

[28] *Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *4 (D. Kan. June 30, 2008) (finding plaintiff unduly delayed in filing motion to amend for substantially the same reasons the court concluded plaintiff had not shown good cause for the amendment).

[29] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

amendment would work an injustice to the defendant.[30] Courts typically find prejudice when the amendment unfairly affects the defendant "'in terms of preparing [its] defense to the amendment.'"[31] Most often, this occurs when the amended claims raise significant new factual issues.[32]

In its proposed amended complaint, Fifth Third seeks to add claims relating to a loan and agreement involving five (5) non-party lenders, which have not previously been part of this litigation. No discovery has been conducted on the proposed new claims. Although there is likely to be factual overlap between how the loans originated, Fifth Third and the Participant Banks became the owners of their respective loans through separate paths. One of WLM's defenses in this case is that Fifth Third is not a holder in due course. It is likely that WLM would raise a similar defense against the Participant Banks, which would involve a separate set of facts from Loan 5738. Thus, there appear to be distinct factual issues regarding the enforceability of the loans. As WLM points out, it would need to conduct discovery into the non-party Participant Banks' role with regard to Loan 5788 and Fifth Third's standing and capacity to bring the claims. Fifth Third does not dispute that there would be a need for additional discovery on the proposed new claims.

The need for additional discovery does not by itself establish prejudice, however.[33] Here, there are additional factors that lead the Court to conclude that WLM would be prejudiced by the amendment. More specifically, the Court believes WLM would be prejudiced because conducting

---

[30] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010).

[31] *See Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[32] *Id.*

[33] *See Granite Southlands Town Ctr. LLC v. Alberta Town Ctr., LLC*, No. 09-00799-ZLW-KLM, 2010 WL 2635524, at *4 (D. Colo. June 8, 2010).

additional discovery would likely impact the remaining case deadlines and delay resolution of the existing claims in this case.

Plaintiff filed its Complaint in August 2009. On June 14, 2010, the Court entered a Scheduling Order that set the discovery deadline as March 1, 2011 and the trial date as October 3, 2011. Since that time, the discovery deadline has been extended four times at the parties' request and the trial date has been re-set four times. As of the date of this Order, the parties have had approximately seventeen months to conduct discovery on the existing claims in this case. Based upon the length of time spent on discovery to date, the Court believes it is unlikely the parties could complete written discovery and depositions regarding a new loan, involving five new non-parties within the two months remaining in the discovery period. Plaintiff's proposed amendment would likely result in the discovery deadline being extended, which would then delay the filing and resolution of any dispositive motions and trial. As a result of this likely delay, the Court concludes WLM would be prejudiced if Fifth Third were permitted to file its proposed amendment.[34]

Conversely, Fifth Third has not demonstrated it would be prejudiced if the motion to amend were denied. There is also nothing preventing the Participant Banks from pursuing a separate action to enforce their rights in Loan 5788.

## III. Conclusion

The Court finds that Fifth Third has not shown good cause pursuant to Fed. R. Civ. P. 16(b). The Court also believes Fifth Third's motion should be denied because it is untimely and prejudicial.

---

[34] *See Wilson*, 2008 WL 2622895, at *4 (finding plaintiff's proposed amendment would prejudice defendant because the court would need to reopen discovery, extend the deadline to file dispositive motions, and delay the trial setting); *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 746 F. Supp. 1051, 1055 (D. Kan. 1990) ("The additional discovery or preparation which would be required as a result of the belated addition of new claims is recognized as a source of prejudice justifying denial of a motion to amend.").

Accordingly, the undersigned respectfully recommends that the presiding U.S. District Judge, the Honorable Carlos Murguia, deny Plaintiff's Motion for Leave to File and Serve an Amended Complaint, ECF No. 144.

The parties are hereby informed that, within 14 days after being served with a copy of this Report and Recommendation, they may file written objections thereto pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  Failure to file a timely objection waives a party's right to appeal those issues to the Court of Appeals.

**IT IS SO RECOMMENDED.**

Dated this 1st day of December, 2011, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
