IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| FIFTH THIRD BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-2440-CM |
| | ) | |
| CANYON CREST INSURANCE SERVICES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This enforcement action is before the court on review of the magistrate judge's Report and Recommendation (Doc. 153) recommending that plaintiff's Motion for Leave to File and Serve an Amended Complaint (Doc. 144) be denied. Plaintiff timely filed objections (Doc. 154), and this court conducts a *de novo* review of the matter. Fed. R. Civ. P. 72(b). For the reasons that follow, the court overrules plaintiff's objection, denies the motion to amend, and adopts the Report and Recommendation of the magistrate.

**I.      Factual and Procedural Background**

As set out in Judge K. Gary Sebelius' Report and Recommendation, plaintiff Fifth Third Bank filed this action on August 21, 2009, seeking declaratory judgment and judgment in satisfaction of various loans upon which defendants have allegedly defaulted. Defendants are individuals and businesses who purchased insurance agencies from—and financed them through—subsidiaries of the Brooke Corporation, which is comprised of a group of related companies that operated an insurance agency franchise business.

One of the loans Fifth Third seeks to enforce is Franchise Loan 5738, dated November 15,

2006, made to defendant WLM Management, Inc. ("WLM"). Loan 5738 was allegedly transferred from one Brooke entity to another where it was bundled as part of a security interest being sold to Fifth Third.

WLM apparently entered into a second loan transaction ("Loan 5788") with one of the Brooke entities on November 16, 2006. Loan 5788 is not owned by Fifth Third, but rather by a group of five "Participating Banks" whose rights are defined in various Participation Certificates and Agreements. Thus, it appears that Loan 5788 was not part of the same securitization as Loan 5738.

Loan 5788 is also allegedly now in default. The Participating Banks and WLM had been attempting to resolve the issue without litigation. After settlement discussions were unsuccessful, the Participating Banks authorized Fifth Third to enforce, through this lawsuit, the Participating Banks' rights under Loan 5788. The authorization is null and void if Fifth Third is unable to amend the Complaint to add claims regarding Loan 5788. Three weeks after receiving the authorization, on October 14, 2011, Fifth Third filed its motion to amend, seeking to add claims on behalf of the Participant Banks. WLM opposes the motion as untimely and prejudicial.

**II.     Report and Recommendation**

Judge Sebelius evaluated whether plaintiff had established good cause within the meaning of Rule 16(b)(4) sufficient to justify allowing the untimely motion. The court found that Fifth Third had not established good cause. Because the proposed amendment seeks to enforce the rights of the Participating Banks, the court looked to whether the Participating Banks, rather than plaintiff Fifth Third, could have met the Scheduling Order deadline. The court found no suggestion that the Participant Banks were unable to authorize Fifth Third to enforce their rights before the amendment deadline. Rather, the Participating Banks were aware of the facts underlying their claim before the

deadline to amend expired: the failure to meet the deadline was within their control, and was a result of a strategic decision to focus on settlement.  Evaluating whether Fifth Third itself could have met the amendment deadline led Judge Sebelius to the same conclusion: although Fifth Third only recently received the authorization, there is no showing that authorization was ever sought before the amendment deadline.

Despite reaching these conclusions, the court applied the Rule 15(a) analysis and found that, for the same reasons, Fifth Third and/or the Participant Banks unduly delayed in filing the motion.  The court also found that amendment would prejudice WLM because the additional discovery required would impact the remaining case deadlines and delay resolution of the existing claims.  Conversely, disallowing amendment would not prejudice Fifth Third because the Participating Banks could pursue a separate action to enforce their rights in Loan 5788.

Fifth Third objects to this report and recommendation, arguing that there was no undue delay and WLM will not suffer any prejudice as a result of the amendment.

### III.   Discussion

Under Rule 15, leave to amend is to be "freely give[n] . . . when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, failure to cure by previous amendments, or futility.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  And where, as here, the motion was brought nearly one year past the deadline for amendment set out in the scheduling order, the good cause requirement of Rule 16(b)(4) may also be implicated.[1]   Rule 16's good cause inquiry is roughly similar to the undue delay inquiry under Rule

---

[1]  The Tenth Circuit has explicitly declined to decide whether a party seeking to amend its
(continued...)

15, but must be established before the court proceeds to the Rule 15 analysis. *See Layne Christiansen Co. v. Bro-Tech Corp.*, __ F. Supp. 2d __, Slip Op. No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *4 (D. Kan. Aug. 29, 2011).

### A. Good Cause for Delay, or Undue Delay

To establish good cause, the party seeking amendment must show that despite diligence, it could not have reasonably met the amendment deadline. For purposes of determining whether the delay was "undue," the court focuses primarily on the reasons for the delay: denial is appropriate where the moving party has "no adequate explanation for the delay," or where it appears amendment serves to make the complaint "a moving target." *Minter*, 451 F.3d at 1206 (quotations and citations omitted). As Judge Sebelius notes, the inquiry here is compounded where the moving party is actually seeking, by the amendment, to enforce the rights of others. The court finds that neither Fifth Third nor the Participating Banks show that they could not have reasonably met the amendment deadline. They simply chose not to.

Fifth Third agrees with Judge Sebelius that the eleven-month delay here resulted in large part from the Participating Banks' decision to focus on settlement. Although the court commends settlement efforts, such efforts do not constitute good cause for violating the scheduling order. *See Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895 at *3 (D. Kan. June 30, 2008). The court is sensitive to the judicial economy argument, *i.e.*, that allowing Fifth Third to add the Participating Banks' claims on the 5788 Loan to this action on, among others, the 5738 Loan, would eliminate the need for a second action against WLM. This is not, however, a factor the court

---

[1] (...continued)
pleadings after the scheduling order must show good cause for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements, but has noted their "rough similarity." *Minter*, 451 F.3d at 1205 n.4.

considers in either the Rule 15(a) or Rule 16(b) analysis. And although Fifth Third only recently obtained authorization to enforce the claims, all the parties had been working together for quite some time on these separate yet related loans.

### B. Prejudice to Nonmoving Party

Even if Fifth Third could clear the good cause and undue delay hurdles, however, it cannot pass the prejudice prong of the Rule 15(a) inquiry. Prejudice is the key factor in deciding a motion to amend. *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006). Courts will find prejudice when the amendment unfairly affects a party's ability to prosecute or defend the lawsuit, such as when the amendment "raise[s] significant new factual issues" or arises from a different theory or subject matter than previously asserted. *Minter*, 451 F.3d at 1208. "The party opposing the amendment has the burden of showing prejudice." *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003). WLM meets this burden because the proposed amendment raises new factual issues and arises from different subject matter.

Upon review, this court agrees with Judge Sebelius that prejudice would arise from (1) the new and distinct factual issues associated with the addition of the claim on Loan 5788, and (2) the likelihood that discovery required for the new claim will impact the remaining case deadlines and delay resolution of the existing claims against WLM and other defendants. Fifth Third counters that "discovery in this action is still in its relative infancy" because of the parties' efforts at settlement. (Doc. 154 at 7.) Denying the motion to amend should not, and the court hopes would not, derail the parties' efforts at settlement. Furthermore, the fact that substantial discovery remains to be completed on the existing claims does not weigh in favor of allowing additional claims. This is particularly true where the claims, although there may be some factual overlap, introduce new facts and necessitate new legal inquiries—particularly for WLM (*i.e.*, holder in due course, capacity,

standing).  WLM will be unduly prejudiced from their late inclusion in this matter.

In sum, justice does not require that this untimely motion to amend be granted.  The court overrules Fifth Third's objections to the Report and Recommendation and denies the motion to amend the complaint.

**IT IS THEREFORE ORDERED** that, after *de novo* review, the court accepts the Report and Recommendation issued December 1, 2011 (Doc. 153) and adopts it as its own.

**IT IS FURTHER ORDERED** that Plaintiff Fifth Third Bank's Objections (Doc. 154) to the Report and Recommendation Regarding Plaintiff's Motion for Leave to File and Serve an Amended Complaint (Doc. 153) are overruled.

**IT IS FURTHER ORDERED** that Plaintiff Fifth Third Bank's Motion For Leave to File and Serve an Amended Complaint (Doc. 144) is denied.

Dated this 17th day of January 2012, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**